# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>KASEY CHARLES KONZEM,<br><br>    Defendant. | No. 19-CR-23-CJW-MAR<br><br>**ORDER** |

## I. INTRODUCTION

This matter is before the Court on defendant's motion to dismiss Count One of the Indictment. (Doc. 23). The government timely resisted the motion. (Doc. 34). For the following reasons, defendant's motion is **denied**.

## II. RELEVANT BACKGROUND

On February 21, 2019, a grand jury returned an Indictment charging defendant with possession of firearms by a felon (Count One), in violation of Title 18, United States Code Section 922(g)(1), and possession of stolen firearms (Count Three), in violation of Title 18, United States Code Section 922(j). (Doc. 3). Count One alleged that defendant had previously been convicted of two felonies, each in San Luis County, California: Grand Theft on or about June 15, 2011, and Inflicting Corporal Injury Upon a Spouse or Cohabitant on or about May 20, 2002. (*Id.*). On April 22, 2019, defendant filed the motion to dismiss. Defendant argues that the May 20, 2002 conviction should be struck from the Indictment because the conviction was reduced to a misdemeanor, and because it is prejudicial surplusage. (Doc. 23, at 1); *see also* FED. R. CRIM. P. 7(d). Defendant also argues that the June 15, 2011 conviction may not have been a felony conviction because California law could consider it a misdemeanor. (*Id.*, at 1-2).

Finally, defendant argues that the Indictment is deficient because it does not allege that defendant knew that he was a prohibited felon. (*Id.*, at 2).

On May 7, 2019, a grand jury returned a Superseding Indictment that altered Count One to charge defendant with possession of firearms by a prohibited person, in violation of Title 18, United States Code Sections 922(g)(1) and 922(g)(3). (Doc. 30, at 1-2). The Superseding Indictment charges that defendant was prohibited from possessing firearms both as a convicted felon and as an unlawful drug user. (*Id.*). The Superseding Indictment continues to allege that defendant was convicted of a felony on June 15, 2011, but removes the allegation that defendant was convicted of a felony on May 20, 2002. Accordingly, the Court **denies as moot** defendant's arguments related to the May 20, 2002 conviction. The Court will apply defendant's remaining arguments to the Superseding Indictment.

### III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 12(b) authorizes pretrial motions to present "any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). "A motion is capable of pretrial determination 'if trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity' of the motion." *United States v. Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016) (quoting *United States v. Covington*, 395 U.S. 57, 60 (1969)). "[T]o be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged. If the acts alleged in the indictment do not constitute a violation of law, the indictment is properly dismissed." *United States v. Polychron*, 841 F.2d 833, 834 (8th Cir. 1988).

### IV. JUNE 15, 2011 CONVICTION

On or about June 15, 2011, defendant was convicted of Grand Theft, in violation of California Penal Code Section 487(a), and the imposition of sentence was suspended.

Defendant's Exhibit C (Doc. 23-4); Government's Exhibit 4 (Doc. 34-5). Under California law, Grand Theft is a "wobbler" offense, meaning it can be considered a felony or a misdemeanor, depending on how the sentencing judge classifies it and the sentence imposed. *People v. Valenzuela*, 209 Cal. Rptr. 3d 860, 862 (Cal. Ct. App. 2017). When, as here, the sentencing court suspends the imposition of sentence for a wobbler offense, that offense remains a felony until and unless "the court takes affirmative steps to classify the crime as a misdemeanor." *People v. Park*, 299 P.3d 1263, 1269 (Cal. 2013). "[T]he court may reduce a wobbler to a misdemeanor either by declaring the crime a misdemeanor at the time probation is granted or at a later time— for example, when the defendant has successfully completed probation." *Id.*

Defendant does not assert that his Grand Theft conviction was actually reduced to a misdemeanor, merely that there is a "possibility" it could have been. (Doc. 23-1, at 4). Defendant concedes that the issue of whether he has been convicted of a felony "may involve factual determinations" and that, on the record now before the Court, such determinations "would be trial issues." (*Id.*). Defendant argues that, at trial "the government must prove a) that imposition of sentence never occurred, i.e., judgment was never rendered and therefore Defendant was never sentenced to misdemeanor jail instead of felony prison, and b) the Court never declared the offense a misdemeanor." (*Id.*). The government argues that in the absence of any "indication that defendant's Grand Theft conviction was converted into a misdemeanor offense . . . [the conviction] should be treated as a felony offense." (Doc. 34-1, at 7).

Given defendant's apparent concession that this question is, at best, a factual issue for trial, the Court is unclear what relief defendant is seeking, other than perhaps an advisory opinion as to who would bear the burden of proof on this issue. The Court need not decide that question, however, because defendant's Grand Theft conviction is a qualifying conviction for purposes of Section 922(g)(1) regardless of whether the

California court reduced the charge to a misdemeanor or not.

It is unlawful for any person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year" to possess a firearm. 18 U.S.C. § 922(g)(1). The statute creates an exception for "any State offense classified by the laws of the State as a misdemeanor and punishable by a term of imprisonment of two years or less." *Id*. § 921(a)(20)(B). Thus, whether a state would classify an offense as a felony or a misdemeanor is only relevant where the offense is punishable by a term of imprisonment of more than one year but not more than two years. If the offense is punishable by more than two years, it is a qualifying offense under Section 922(g)(1) regardless of how state law would classify it.

In California, Grand Theft is punishable "by imprisonment in a county jail not exceeding one year or pursuant to subdivision (h) of Section 1170." Cal. Penal Code § 489(c). Section 1170(h) allows a court to impose "a term of imprisonment in a county jail for 16 months, or two or three years." *Id*. § 1170(h)(1). The maximum sentence defendant could have received on his Grand Theft conviction was three years imprisonment, and thus his conviction qualifies under Section 922(g)(1) regardless of whether it was reduced at sentencing to a misdemeanor. *See also United States v. Horodner*, 993 F.2d 191, 194 (9th Cir. 1993) (holding that assault with a deadly weapon, another "wobbler" offense in California, qualifies under Section 922(g)(1) because it is punishable by up to four years in prison). Accordingly, defendant's motion is **denied** on this ground.

## V. KNOWLEDGE REQUIREMENT

Defendant argues that the Indictment is fatally defective because it does not allege each element of the offense, specifically that it does not allege that defendant knew he was prohibited from possessing firearms. (Doc. 23-1, at 5). Defendant states that the Court is "likely limited by the Eighth Circuit precedent" such as *United States v. Hutzell*,

4

217 F.3d 966 (8th Cir. 2000) in considering this argument, but wishes to preserve the issue for appeal. (Doc. 23, at 6). In *Hutzell*, the Eight Circuit Court of Appeals held that possession of a firearm by a prohibited person requires proof that defendant "knew of the facts constituting the offense, not that he knew that it was illegal for him to possess a gun." 217 F.3d at 968. The Court is clearly bound by *Hutzell* and, accordingly, the Court **denies** the motion on this ground.

## VI.   CONCLUSION

For the foregoing reasons, defendant's motion to dismiss (Doc. 23) is **denied**.

**IT IS SO ORDERED** this 28th day of May, 2019.

_____
C.J. Williams
United States District Judge
Northern District of Iowa